IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | EDPA: 2:10-cv-84912 |
| This Document Relates To: | : | CIVIL ACTION NO. MDL 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| John Harrell Manning and Nannie Mae Manning, spouse, | ) | C/A No. 4:10-CV-00146-BO |
| Plaintiffs, | ) | JURY TRIAL BY TWELVE JURORS DEMANDED |
| vs. | ) | ASBESTOS CASE |
| Air & Liquid Systems Corporation, et al., | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE AND**
**ANSWER TO THE COMPLAINT OF RAPID-AMERICAN CORPORATION**

In accordance with the Order for Pleadings in Cases Which Contain Asbestos Related Personal Injury Claims in Federal District Court for the Eastern District of Pennsylvania, as amended, entered by the Honorable Charles R. Weiner on August 20, 1986, In Re: Asbestos Litigation. Misc. Docket No. 86-0457 (E.D. of Pa.), this document serves as an Entry of Appearance, Demand for Jury Trial, and Answer to Plaintiffs' Complaint. All allegations contained in or incorporated in Plaintiffs' Complaint are deemed denied. This also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses including any amendments and supplements thereto, filed by Defendants at the same miscellaneous number. The Defendant, Rapid American Corporation, will hereafter be referred to as "Rapid".

ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because the Plaintiffs were not in privity with this Defendant, and Plaintiffs may not rely upon any warranties which may have been implied or imposed by law upon this Defendant; this Defendant affirmatively state that they breached no warranty.

2. If the Plaintiffs were injured by this Defendant products, which is denied, the Plaintiff discovered any defect in the products and was aware of the dangers thereof but nonetheless proceeded unreasonably to make use of the same and is, therefore, barred from recovery.

3. Plaintiff's claims are barred because his exclusive remedy is under the North Carolina Worker's Compensation Act or the Harbor Worker's Compensation Act.

4. The alleged injuries to the Plaintiffs occurred or were allegedly sustained prior to the enactment of a cause of action for strict liability under North Carolina law, and the Plaintiffs are therefore prohibited by law from asserting a cause of action based on strict liability for either actual or punitive damages.

5. The Plaintiffs' claims are barred because Plaintiff did not notify Rapid within a reasonable period of time after he discovered or should have discovered the alleged defects in Rapid's products.

6. Rapid incorporates by reference any and all affirmative defenses not adverse to Rapid and asserted by other Defendants in this action as though the same were set forth fully herein.

7. Rapid denies it has any liability, in law or in fact, to plaintiffs, and further denies that it has at any time been engaged in any business which in any manner involved asbestos or asbestos-related products.

8. This court lacks jurisdiction over Rapid as a result of improper, and/or lack of, service of process.

9. While Rapid denies the plaintiffs' allegations of negligence, breach of warranty, strict product liability and enterprise liability, any injury and damages, to the extent that plaintiffs may be able to prove them, were the result of intervening and/or interceding acts of superseding negligence on the part of parties over whom Rapid neither had control nor had the right to control.

10. Plaintiffs have failed to name and join essential and necessary parties.

11. Plaintiffs lack requisite capacity, standing and authority to bring the within action, as they are not the real parties in interest.

12. Plaintiff, his co-workers and employers misused, abused, mistreated and misapplied the products designated as asbestos material as alleged in the Complaint.

13. If the court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to the plaintiff, Rapid requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse, abuse,

mistreatment and/or misapplication, attributed to the plaintiff, his coworkers and/or employers bear to the conduct which caused the alleged damages or injuries.

14. The injuries allegedly suffered by plaintiffs, if any (which injuries are specifically denied by Rapid), were the result of culpable conduct or fault of third persons for whose conduct Rapid is not legally responsible, and the damages recovered by plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of Rapid (which liability is specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of Rapid for non-economic loss should no exceed Rapid's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

15. Upon information and belief, plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Complaint.

16. At all times alleged in the Complaint the products alleged to have caused plaintiffs' injuries were designed, manufactured, sold, distributed, labeled and advertised in compliance with the then existing state of the art in the industry to which Rapid's predecessor belonged and, furthermore, that the benefits of any such product design outweighed any risk of danger in the design, and that any such product met the safety

expectations of plaintiffs and the general public.

17. Rapid is informed and believes and, therefore, alleges that plaintiffs are unable to identify the actual manufacturer or manufacturers of the asbestos products which allegedly caused the injury which forms the basis of the Complaint herein, and that said manufacturers were entities other than Rapid. Therefore, Rapid may not be held liable for plaintiffs' injuries.

18. Plaintiffs were warned of risk of exposure to asbestos containing products.

19. Plaintiffs' claims for damages have not accrued, are purely speculative, uncertain and contingent.

20. Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Rapid and plaintiffs neither received nor relied on any representation or warranty allegedly made by Rapid.

21. Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

22. At the time of the injuries alleged in the Complaint, plaintiff was employed and was entitled to and did receive worker's compensation benefits from his employer. If the conditions as alleged in the Complaint are found to have existed, the plaintiff's employer was negligent and careless in and about the matters referred to in the Complaint and said negligence on the part of the employer proximately caused or contributed to the injuries and damages, if any, complained of by plaintiffs and,

further, plaintiff's employer assumed the risk of the injury to the plaintiff, if any, in that at the time and place of the incident such conditions, if any, were open and apparent and were fully known to the plaintiff's employer; by reason thereof, Rapid is entitled to set off any compensation benefits received or to be received by the plaintiffs against any judgment which may be rendered in favor of the plaintiffs herein.

23. Plaintiffs acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Rapid's predecessor, thus barring plaintiffs from any relief as prayed for herein.

24. The causes of action may not be maintained because of arbitration and award, collateral estoppel, a discharge in bankruptcy, infancy (or some other disability) of the plaintiffs, payment, release and/or res judicata.

25. Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of law. Alternatively, plaintiffs have accepted compensation as partial settlement of those claims for which Rapid is entitled to a set-off.

26. Plaintiffs' cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

27. Plaintiffs' demand for punitive damages is barred by the Due Process Clauses of the Fourteenth Amendment to the United

States Constitution.

28. Plaintiffs' demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

29. Plaintiffs' demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

30. Plaintiffs' demand for punitive damages is barred by the "ex post facto" clause of Article I, § 10 of the United States Constitution.

31. Rapid reserves the right to respond and assert defenses with respect to causes of action which have been dismissed, should they be reinstated through subsequent appeal after verdict.

32. To the extent that the causes of action pleaded by Plaintiff fail to accord with the Uniform Commercial Code, Plaintiff's Complaint is time-barred.

33. The within action cannot be maintained as there is another action pending between the same or similar parties for the same cause of action in a court of a state or the United States.

34. Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiff, including contributory negligence

and assumption of risk, by the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

RESERVATION OF CROSS CLAIMS

35. All cross-claims for contribution and/or indemnification by Rapid against all co-defendants and third-party defendants are hereby reserved and implied.

36. Defendant Rapid demands a jury trial.

TO THE CLERK:

Kindly enter our appearance on behalf of Defendant:

**RAPID-AMERICAN CORPORATION**

I hereby authorize the Clerk of Courts to append my signature document, on file in the Clerk's office, to this electronic transmission.

/s/ Carter T. Lambeth

Carter T. Lambeth
N.C. State Bar #2606
**JOHNSON, LAMBETH & BROWN**
232 Princess Street
Post Office Box 660
Wilmington, NC 28402
Telephone: (910) 763-0481
ctl@johnsonandlambeth.com

December 15, 2010
Wilmington, North Carolina

/s/ James D. Gandy, III

James D. Gandy, III (5141)
Attorneys for the Defendant
above-named
**PIERCE, HERNS, SLOAN & MCLEOD, LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29413
Telephone: (843) 722-7733
Fax: (843) 722-7732
trippgandy@phsm.net

December 15, 2010
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | EDPA: 2:10-cv-84912 |
| This Document Relates To: | : | CIVIL ACTION NO. MDL 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| John Harrell Manning and Nannie Mae Manning, spouse, | ) | C/A No. 4:10-CV-00146-BO |
| Plaintiffs, | ) | |
| vs. | ) | |
| Air & Liquid Systems Corporation, et al., | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on this date a copy of the foregoing was electronically filed with the Clerk of Court and notification of such filing was served on counsel of record for the plaintiff as well as all counsel of record.

This 15th day of December, 2010.

/s/ James D. Gandy, III